UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Alex Cooper, on behalf of himself and others similarly situated, | Civil Action No.: 1:21-cv-01562-TWP-DML |
| Plaintiff, | |
| v. | |
| InvestiNet, LLC, | |
| Defendant. | |

**FINAL ORDER AND JUDGMENT**

On June 8, 2021, Alex Cooper ("Plaintiff" or "Class Representative") filed a class action complaint (hereinafter referred to as the "Lawsuit") against InvestiNet, LLC ("Defendant") in the United States District Court, Southern District of Indiana, Case No. 1:21-cv-01562-TWP-DML, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant has denied any and all liability alleged in the Lawsuit.

On November 30, 2021, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On December 3, 2021, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendant served written notice of the proposed class settlement as directed.

On December 6, 2021, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the Final Fairness Hearing.

On March 14, 2022, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On April 14, 2022, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), this Court confirms the certification of this Lawsuit, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with an Indiana address, (b) to which InvestiNet, LLC sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) from June 9, 2020 through June 8, 2021, (e) that was printed or mailed by CompuMail, Inc.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Alex Cooper as the Class Representative and Michael L. Greenwald and Alexander D. Kruzyk of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g.*, *Macy v. GC Servs. Lt'd P'ship*, No. 3:15-cv-819-DJH-CHL, 2020 WL 3053469, at *4 (W.D. Ky. May 28, 2020) (appointing Greenwald Davidson Radbil PLLC as Class Counsel); *Sheean v. Convergent Outsourcing, Inc.*, No. 18-11532, 2019 WL 6039921, at *2 (E.D. Mich. Nov. 14, 2019) (same); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016) (McKinney, J.) (same).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

A. The Class Members are so numerous and geographically dispersed that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

    D.      The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members. Indeed, the per-participating class member recovery is in line with many recoveries in similar FDCPA class actions, and the total class recovery nears the maximum statutory damages available should Plaintiff have prevailed at trial. Moreover, the settlement provides immediate cash compensation to Class Members while avoiding the complexity, expense, and risk of further litigation.

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    1.      <u>Settlement Fund</u> – Defendant will establish a $18,800.00 settlement fund (the "Settlement Fund").

    2.      <u>Settlement Payment to Class Members</u> – Each Participating Class Member who submitted a timely and valid claim form will receive a pro rata share of the Settlement Fund. Each settlement check will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be distributed to Indiana Legal Services, Inc. as the *cy pres* recipient.

3. <u>Class Representative Settlement Amount</u> – The Class Representative will receive from Defendant the sum of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) for his individual damages ("Payment to Plaintiff"). This payment will be separate and apart from the Settlement Fund and his pro rata share of the same.

4. <u>Settlement Notice and Administration</u>: Separate from the Settlement Fund, the Payment to Plaintiff, and the Attorneys' Fees, Expenses, and Costs of Class Counsel, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs"), which will be completed by Class-settlement.com.

**<u>OBJECTIONS AND EXCLUSIONS</u>** – The Class Members were given an opportunity to object to the settlement. No Class Members excluded themselves from the settlement, and no Class Members objected to the settlement.

**<u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>** – Pursuant to the releases contained in the Agreement, all Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is hereby dismissed with prejudice in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

IT IS SO ORDERED.

Date: 4/14/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution to all electronically registered counsel of record via CM/ECF

Roger A.G. Sharpe, Clerk

BY: _____
Deputy Clerk, U.S. District Court